# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GAYLA OUELLETTE,<br>LOREN R. OUELLETTE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SPECIAL RECREATION SERVICES, INC.,<br>et al.,<br><br>　　　　Defendants. | Case No.: 3:20-cv-00391-RCJ-WGC<br><br>**ORDER RE "EX PARTE" FILINGS** |

　　　　Before the court are several filings by the Ouellette Plaintiffs which were labeled as "ex parte" documents (e.g., ECF Nos. 35 and 37). Local Rule IA 7-2 defines an "ex parte" motion or application as a document that is filed with the court but is not served on the opposing or other parties. However, a filer who is using the court's electronic case filing system (LR, Part IC), as are Plaintiffs (ECF No. 20) and who submits document via CM/ECF, effects service of that document electronically upon all other registered filers LR IC 2-1; IC 4-1(a). The motions Plaintiffs filed (ECF Nos. 35 and 37) were required to be served on opposing parties (LR 5-1).

　　　　Plaintiffs are thus mischaracterizing documents as "ex parte." Because Plaintiffs' motions were required to be served on opposing parties, they cannot be considered as being "ex parte

communications or filings" under LR IA 7-2.  Plaintiffs shall cease labeling documents required to be served "ex parte."

**IT IS SO ORDERED.**

Dated: October 22, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2