UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GAYLA OUELLETTE; LOREN OUELLETTE, <br><br> Plaintiffs, <br><br> vs. <br><br> SPECIAL RECREATION SERVICES, INC., *et al.,* <br><br> Defendants. | Case No.: 3:20-cv-00391-RCJ-WGC <br><br> Order |

Pro se plaintiffs brings ten claims; eight of which have been dismissed with prejudice by a state court. The state court case is still proceeding on Defendants' claims against Plaintiffs. The Court therefore dismisses this case under the *Colorado-River* abstention doctrine.

**FACTUAL BACKGROUND**

Plaintiffs are husband and wife. The wife was employed by Defendant Special Recreation Services, Inc. d/b/a Amplify Life as its Director of Marketing, Public Relations and Fundraising, and subsequently its Executive Director. The husband also contracted with Defendant Amplify Life to provide services by creating a website for it.

On March 22, 2019, Defendant Amplify Life filed a Complaint in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, against the Plaintiffs

asserting claims for: (1) Breach of Contract (against Plaintiff Gayla Ouellette); (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (against Plaintiff Gayla Ouellette); (3) Breach of Duty of Loyalty (against Plaintiff Gayla Ouellette); (4) Breach of Fiduciary Duty (against Plaintiff Gayla Ouellette); (5) Misappropriation of Trade Secrets under NRS 600A.010 et seq. (against both Plaintiffs); (7) Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (against both Plaintiffs); (8) Conversion (against both Plaintiffs); (9) Defamation Per Se (against both Plaintiffs); (10) False Light (against both Plaintiffs); (11) Intentional Interference with Contractual Relations (against both Plaintiffs). (ECF No. 26 Ex. 1.) Defendant Amplify Life's claims against Plaintiff Gayla Ouellette relate to her employment with Defendant Amplify Life (alleged breaches of her fiduciary duty, Defendant Amplify Life's policies, and her agreements with Defendant Amplify Life) and her alleged actions following her termination with respect to Defendant Amplify Life's property and proprietary information. Defendant Amplify Life's claims against Plaintiff Loren Ouellette relate to his misuse of its property and proprietary information.

In the state court, Plaintiffs answered and counterclaimed for the following: (1) Wrongful Termination (Plaintiff Gayla Ouellette against Defendant Amplify Life); (2) Fraud (Plaintiff Gayla Ouellette against all Cross-Defendants[1]); (3) Defamation (Plaintiff Gayla Ouellette against all Cross-Defendants); (4) Financial Exploitation under NRS 200.5092 (Plaintiff Loren Ouellette against Defendant Amplify Life); (5) Conversion (Plaintiff Loren Ouellette against all Cross-Defendants); (6) Unjust Enrichment (Plaintiff Loren Ouellette against Defendant Amplify Life); (7) Forgery (Plaintiff Gayla Ouellette against Defendants Amplify Life, Rice, Gustafson, Dressel); (8) Federal and State Computer Crimes and Conversion of Intellectual Property (Plaintiff Loren

///

---

[1] The Cross-Defendants in the state court case were the same parties as this case except that Plaintiff added Alan Herak (which Plaintiff also occasionally spells as "Alan Herek") and Amy Garland to the instant case.

Ouellette against Defendants Gustafson and Rice); and (9) Retaliation for Whistleblowing (Plaintiff Gayla Ouellette against Amplify Life). (ECF No. 26 Ex. 3.)

On August 27, 2019, the state court dismissed all of the counterclaims because Plaintiffs had failed to timely respond to Defendants motion to dismiss; it further declined to reconsider its order on its dismissal on January 24, 2020. (ECF No. 26 Exs. 4–7.) The state court also held a preliminary hearing, where it determined that it was "reasonably likely" that Plaintiffs had committed many of the causes of action and ordered, among other things, that Plaintiffs submit their electronic devices for forensic examination to determine whether they possess Defendants' trade secrets. (ECF No. 26 Ex. 8.) On June 30, 2020, Plaintiffs filed a "Notice of Voluntary Dismissal" of their counterclaims pursuant to Nevada Rules of Civil Procedure 41.

Plaintiffs now bring the following claims: (1) Retaliation for Whistle-Blowing in Violation of 42 U.S.C. § 12203; (2) Wrongful Termination; (3) Fraud; (4) Defamation; (5) Conversion; (6) Unjust Enrichment; (7) Fraud and Deceit; (8) Violations of the Computer Fraud and Abuse Action, 18 U.S.C. § 1030 et. seq; (9) Declaratory Relief; and (10) Violation of Fourth Amendment – Unlawful Seizure, 42 U.S.C. § 1983.

## LEGAL STANDARD

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The decision to abstain under the *Colorado River* Abstention Doctrine "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 16 (1983). The Supreme Court has provided eight factors in abstaining a case under this doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Colorado River Water Conservation Dist.*, 424 U.S. at 817. The *Colorado River* doctrine may be raised by the Court sua sponte. *See Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 n.4 (1st Cir. 2010) (even though issue was not raised below, decision to decline jurisdiction under *Colorado River* may be raised sua sponte); *Heiner v. Fed. Nat'l Mort. Ass'n*, No. 13cv364-DN, 2014 WL 4851888, at *5, 8 (D. Utah Sept. 29, 2014) (proposed amended complaint would be futile as it would be subject to dismissal under the *Colorado River* doctrine under sua sponte analysis of 28 U.S.C. § 1915(e)(2)(B)(ii).)

## ANALYSIS

Applying the *Colorado-River* factors the Court finds that abstention is proper and dismisses this case. The first two factors are neutral and do not impact the Court's analysis. First, there is no property at stake, so this is not at issue. Second, the federal forum does not seem to inconvenience either party more than the state forum.

On the other hand, the third factor strongly favors abstention. Because, if this Court were to exercise jurisdiction, then there would be piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Both the Nevada state court and this Court would be considering the same claims raised in the state court and this one, except for the issues of whether Defendants violated

Plaintiffs' Fourth Amendment rights and whether the Court should rule that Defendant Amplify Life is not a 501(c)(3) nonprofit organization.[2] There is no need for two forums to hear and rule on the same issues at the same time.

Next, the parties have been litigating in Nevada state court since March 2019. (*See* ECF 26 Ex. 2 (noting that complaint was filed on March 22, 2019.) The Nevada case is much further along in the proceedings and has already dismissed all of Plaintiffs counterclaims in the case. (ECF No. 26 Ex. 6 (order dismissing Plaintiffs' counterclaims for failure to respond to motion to dismiss);) (*see* ECF No. 27 Ex. 7 (order declining to reconsider the order of dismissal);) *see also Bakie*, 867 F.3d at 1168 ("We consider not only the order, but also the relative progress of the state and federal proceedings.").[3] This factor heavily favors abstention.

The fifth factor does not weigh strongly in either direction. Plaintiffs raise claims under state and federal law. So, both federal law and state law are at issue in this case.

The sixth factor favors abstaining. While Plaintiffs have made a few contentions that the state court has treated them unfairly, these are meritless. Plaintiffs complain that the state court dismissed their counterclaims based on a failure to respond to a motion to dismiss. However, this forum contains a substantially similar rule, (LC 7-2(d)), and the Ninth Circuit has held that the rule

---

[2] These are the only claims that are not raised in the state court. However, they are patently meritless. Defendants are all private entities, (ECF No. 21 ¶ 1), and therefore did not violate the Fourth Amendment, (*See, e.g.*, *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) ("The Supreme Court has long held that 'merely private conduct, however discriminatory or wrongful,' falls outside the purview of the Fourteenth Amendment."). Furthermore, Plaintiffs do not allege any injury from Defendant Amplify Life's tax exempt status, so they do not have standing under Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

[3] Plaintiffs contend that their claims were not dismissed with prejudice because they filed a notice of dismissal. (ECF No. 45-5.) However, this notice was filed on June 30, 2020, after the state court had dismissed the claims with prejudice on August 27, 2019 and declined to amend/reconsider that order on January 24, 2020. (ECF No. 26 Exs. 6–7.) Since the court had already dismissed the claims, the notice of dismissal had no effect. *See Spirit Realty, L.P. v. GH & H Mableton, LLC*, 227 F. Supp. 3d 291, 301 (S.D.N.Y. 2017) ("[A] party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice.").

is permissible, *see, e.g.*, *Trice v. Clark Cty. Sch. Dist.*, 376 F. App'x 789, 790 (9th Cir. 2010) (affirming dismissal under LR 7-2(d)). Plaintiff also complains that the state court compelled them to submit to a forensic examination of their electronic devices for trade secrets. However, federal courts allow for the same relief. *See, e.g.*, *Tesla, Inc. v. Tripp*, No. 3:18-CV-00296-MMD-CLB, 2020 WL 5570983, at *9 (D. Nev. Sept. 17, 2020). Plaintiffs are being provided an adequate forum for litigating their contentions, for example, that court held a three-day evidentiary hearing prior to issuing an injunction against them, and they may appeal the orders from that court.

  Seventh, the desire to avoid forum shopping strongly favors abstention. The Plaintiffs came to this Court five months after the state court reaffirmed that it was dismissing Plaintiffs' causes of action. The Ninth Circuit has stated that "[w]e have no interest in encouraging [forum shopping]." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (upholding a district court's abstention where a litigant brought a federal claim after becoming dissatisfied with the state court's case after three and half years of litigation).

  Lastly, when a state court's proceedings are "substantially similar" to the instant federal case, this favors abstention. *Bakie*, 867 F.3d at 1170. Here, the issues are substantially similar— the Nevada state court will address all of the same claims, except two. Accordingly, this factor favors abstention.

  In sum, while some factors come out neutral, many factors favor abstention. Even though the *Colorado River* Abstention Doctrine is a narrow doctrine, the Court finds it appropriate here and dismisses the case.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all pending motions are DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated March 2, 2021.

_____
ROBERT C. JONES
United States District Judge